## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| KANE I. NORTH,<br><br>      Plaintiff,<br><br>v.<br><br>DENT-A-MED, INC. d/b/a HC PROCESSING CENTER,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:18-cv-00624<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KANE I. NORTH ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DENT-A-MED, INC. d/b/a HC PROCESSING CENTER ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a 47 year-old natural "person," as defined by 47 U.S.C. § 153(39), residing in Savannah, Texas, which lies within the Eastern District of Texas

5. Defendant is a company that offers financing and payment solutions to consumers. In connection with these activities, it similarly contacts consumers to whom it has extended financing in order to collect payments. Defendant is a corporation organized under the laws of the state of Oklahoma. Its registered agent for purpose of service is located at c/o The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") said to result from a bed Plaintiff financed through Defendant.

9. In approximately early 2018, Plaintiff began receiving calls to his cellular phone, (214) XXX-0673, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0673. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (617) 345-2501 when placing calls to Plaintiff's cellular phone, but upon information and belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 2501 is regularly utilized by Defendant during its debt collection activities.

13. On answered calls from Defendant, Plaintiff would experience a noticeable pause, lasting several seconds in length, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed it was seeking to collect upon the subject debt.

15. Plaintiff demanded that Defendant stop contacting his cellular phone seeking collection of the subject debt.

16. Plaintiff reiterated this demand on several occasions.

17. Notwithstanding Plaintiff's repeated demands, Defendant has continued to relentlessly contact Plaintiff's cellular phone on a near daily basis up until the filing of the instant complaint.

18. Defendant frequently placed upwards of three phone calls per day to Plaintiff's cellular phone, even after Plaintiff demanded that Defendant stop contacting him.

19. Plaintiff has received not less than 80 phone calls from Defendant since asking it to stop contacting him.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending

calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts, including multiple calls per day and calls placed after Plaintiff demanded that the phone calls stop, points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 80 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant through his receiving financing from Defendant was explicitly revoked by his demands that it cease contacting him.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KANE I. NORTH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

32. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

33. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

34. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 80 times after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.  The nature and volume of phone calls would naturally cause an individual to feel oppressed, especially when such calls are placed after an individual has made it clear that the calls are not welcome.

35. Upon being told to stop calling several times, Defendant had ample reasons to be aware that it should not continue its harassing campaign of collection calls to Plaintiff.  Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, KANE I. NORTH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 31, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff

Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com